**FILED**
CLERK, U.S. DISTRICT COURT

1/14/2026

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___E.C.___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>THOMAS BRERETON,<br>  aka "Boz,"<br><br>            Defendant. | No. 8:26-cr-00002-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1), (9): Prohibited Person in Possession of Firearms; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1), (9)]

On or about August 27, 2025, in Orange County, within the Central District of California, defendant THOMAS BRERETON, also known as "Boz," knowingly possessed a firearm, namely, a Boito Model BR8 .410 bore shotgun, in and affecting interstate and foreign commerce.

Defendant BRERETON possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Felony Vandalism, in violation of California Penal Code Section 594(a), (b)(1), and Violation of Protective Order with Prior

Conviction, in violation of California Penal Code Section 166(c)(4), in the Superior Court of the State of California, County of Orange, case number 22WF0097, on or about July 11, 2023;

2.   Possession of a Deadly Weapon - Metal Knuckles, in violation of California Penal Code Section 21810, in the Superior Court of the State of California, County of Orange, case number 17WF2488, on or about February 8, 2018;

3.   Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Orange, case number 11HF1355, on or about April 11, 2012; and

4.   First Degree Residential Burglary, in violation of California Penal Code Sections 459, 460(a), Grand Theft of a Firearm, in violation of California Penal Code Section 487(d)(2), Receipt of Stolen Property, in violation of California Penal Code Section 496(a), Possession of a Dangerous Weapon, in violation of California Penal Code Section 12020(a)(1), Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(c)(1), and Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Orange, case number 03HF1405, on or about June 11, 2004.

Additionally, defendant BRERETON possessed such firearm knowing that he had previously been convicted of at least one of the following misdemeanor crimes of domestic violence:

1.   Domestic Battery, in violation of California Penal Code Section 243(e)(1), in the Superior Court of the State of California,

County of Orange, case number 20WM05576, on or about September 22, 2020;

2.    Domestic Battery with Corporal Injury, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Orange, case number 17WF2488, on or about February 8, 2018;

3.    Domestic Battery, in violation of California Penal Code Section 243(e)(1), in the Superior Court of the State of California, County of Orange, case number 17WM09076, on or about February 8, 2018; and

4.    Domestic Battery with Corporal Injury, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Orange, case number 07HM05139, on or about July 2, 2007.

COUNT TWO

[18 U.S.C. § 922(g)(1), (9)]

On or about September 25, 2025, in Orange County, within the Central District of California, defendant THOMAS BRERETON, also known as "Boz," knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce: (1) a Norinco TT-Olympia .22 caliber pistol; (2) 17 rounds of Super X Winchester .22 caliber ammunition; (3) five rounds of Sig Sauer 9mm caliber ammunition; (4) one round of Remington-Peters 9mm caliber ammunition; and (5) one round of Comapanhia Brasileria de Cartuchos 9mm caliber ammunition.

Defendant BRERETON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Felony Vandalism, in violation of California Penal Code Section 594(a), (b)(1), and Violation of Protective Order with Prior Conviction, in violation of California Penal Code Section 166(c)(4), in the Superior Court of the State of California, County of Orange, case number 22WF0097, on or about July 11, 2023;

2.    Possession of a Deadly Weapon - Metal Knuckles, in violation of California Penal Code Section 21810, in the Superior Court of the State of California, County of Orange, case number 17WF2488, on or about February 8, 2018;

3.    Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Orange, case number 11HF1355, on or about April 11, 2012; and

4

4.    First Degree Residential Burglary, in violation of California Penal Code Sections 459, 460(a), Grand Theft of a Firearm, in violation of California Penal Code Section 487(d)(2), Receipt of Stolen Property, in violation of California Penal Code Section 496(a), Possession of a Dangerous Weapon, in violation of California Penal Code Section 12020(a)(1), Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(c)(1), and Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Orange, case number 03HF1405, on or about June 11, 2004.

Additionally, defendant BRERETON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following misdemeanor crimes of domestic violence:

1.    Domestic Battery, in violation of California Penal Code Section 243(e)(1), in the Superior Court of the State of California, County of Orange, case number 20WM05576, on or about September 22, 2020;

2.    Domestic Battery with Corporal Injury, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Orange, case number 17WF2488, on or about February 8, 2018;

3.    Domestic Battery, in violation of California Penal Code Section 243(e)(1), in the Superior Court of the State of California, County of Orange, case number 17WM09076, on or about February 8, 2018; and

4.    Domestic Battery with Corporal Injury, in violation of California Penal Code Section 273.5(a), in the Superior Court of the

State of California, County of Orange, case number 07HM05139, on or about July 2, 2007.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

//

7

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____/s/_____
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County
Office

NANDOR F.R. KISS
Assistant United States Attorney
Orange County Office

8